IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal No. 16-181 |
| | ) Judge Nora Barry Fischer |
| RUSSELL JOHNSON, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

I.   INTRODUCTION

Presently before the Court is a "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" filed by pro se Defendant Russell Johnson. (Docket No. 633). In its Response, the Government maintains that Defendant is ineligible for relief as the recent amendments to the U.S. Sentencing Guidelines are inapplicable in his case. (Docket No. 638). The Federal Public Defender reviewed the matter and declined to file a counseled supplement on his behalf. (Docket No. 639). Defendant was directed to file any reply by May 9, 2024. (*Id.*). As no reply has been filed by the date of this Memorandum Opinion and Order, the Motion is fully briefed and ripe for disposition. After careful consideration of the parties' positions and for the following reasons, Defendant's Motion [633] is DENIED, as he is ineligible for a sentence reduction under Amendment 821.

II.   BACKGROUND

On April 2, 2019, Defendant Russell Johnson pled guilty to Count One of the Superseding Indictment at Criminal No. 16-181 charging him with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i), in violation of 21 U.S.C. § 846, for conduct that occurred from in

1

and around November 2015 to in and around September 2016. (Docket No. 483). At his sentencing, Defendant was deemed a career offender, with a total offense level of 34, a criminal history category of VI and an advisory guidelines range of 262-327 months' incarceration. (*See* PIR at ¶¶ 30, 47). His criminal history score was nine (9) and included a prior federal conviction for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin at Criminal No. 06-149. (PIR at ¶¶ 35-43). He was on federal supervised release at the time that he committed the instant offense and was therefore assessed two status points under the former version of the U.S. Sentencing Guidelines. (PIR at ¶¶ 43, 44-46). Hence, he had a total criminal history score of eleven (11) and a criminal history category of V. (*Id.*). However, given Defendant's career offender designation, his criminal history category of V was increased to VI. (PIR at ¶ 47). At the sentencing hearing on October 15, 2019, the Court considered all of the relevant § 3553(a) factors, granted the Defendant's motion for a downward variance, in part, and imposed a sentence of 110 months' incarceration for the new offense at Criminal No. 16-181 and 51 months for the supervised release violations at Criminal No. 06-149, to run concurrently. (Docket No. 515).

Defendant did not appeal his conviction or sentence. He later filed a motion for compassionate release and a corresponding motion for reconsideration, both of which were denied. He appealed those decisions and the Court of Appeals affirmed. (*See* Docket Nos. 612; 618; 624). He now seeks relief under § 3582(c)(2) for the subsequent amendments to the Sentencing Guidelines. (Docket No. 633).

    III.    LEGAL STANDARDS

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d

Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is 18 U.S.C. § 3582(c), which provides "an 'exception to the general rule of finality' over sentencing judgments." *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017), *as amended* (May 1, 2017) (quoting *Dillon*, 560 U.S. at 824).

> Section 3582(c)(2) applies to amendments to the Sentencing Guidelines. It provides that a district court may reduce a sentence if two conditions are met: (1) the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*Rodriguez*, 855 F.3d at 529 (quoting 18 U.S.C. § 3582(c)(2)) (further citation omitted).

Relevant here, Amendment 821 revised if and when "status points" are applied to offenders who committed offenses while under another criminal justice sentence. *See* U.S.S.G. § 4A1.1. The prior version of the Guidelines, § 4A1.1, required that two criminal history points be assessed for all such offenders. U.S.S.G. § 4A1.1 (eff. Nov. 1, 2018). The current version effective November 1, 2023 is more restrictive and directs the Court to "[a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (eff. Nov. 1, 2023). Amendment 821 also includes an additional 2-level reduction for offenders who had zero criminal history points at the time of sentencing. *See* U.S.S.G. § 4C1.1 (eff. Nov. 1, 2023) ("If the defendant meets all of the following criteria [in (1)-(10)] decrease the offense level determined under Chapters Two and Three by 2 levels."). Although Amendment 821 has been made retroactive for offenders who were previously sentenced, the relevant guideline, § 1B1.10(b)(2)(A), contains

certain limitations, including that an offender's sentence may not be reduced "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

If it is determined that a defendant is eligible for relief under Guideline § 1B1.10, "§ 3852(c)(2) [next] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies […] is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "In addition, a district court 'shall consider the nature and seriousness of the danger to any person or the community' and 'may consider post-sentencing conduct of the defendant.'" *Rodriguez*, 855 F.3d at 529 (quoting U.S.S.G. § 1B1.10, cmt. n.1(B)(ii-iii)) (further citation omitted). A defendant does not have a right to an evidentiary hearing in section 3582(c) proceedings as such proceedings "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *see also* Fed. R. Crim. P. 43(b)(4) ("A defendant need not be present" when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)").

IV. DISCUSSION

Returning to the instant matter, Defendant's pro se Motion must be denied because the recent amendments do not affect the computations of the advisory guidelines range in his case. To that end, he is not a "zero-point offender" because he had nine criminal history points. *See* U.S.S.G. § 4C1.1 (eff. Nov. 1, 2023). Although Defendant received two "status points," the recent amendment to status points would not affect his criminal history category because he was deemed a career offender at the time of his sentencing which automatically placed him in criminal history category VI. *See* U.S.S.G. § 4A1.1. (eff. Nov. 1, 2023). In addition, he would still receive one status point under newly revised § 4A1.1(e), making his total criminal history score 10 and his otherwise applicable criminal history category would still be V. *See* U.S.S.G., Ch. 5, Sentencing

Table (criminal history category V includes 10-12 criminal history points). Stated differently, if Defendant were sentenced today, he would still be subject to a total offense level of 34, a criminal history category of VI, and an advisory guidelines range of 262-327 months' imprisonment. Hence, he is ineligible for relief under Amendment 821 and his motion must be denied.

V. CONCLUSION

Based on the foregoing, Defendant Russell Johnson's pro se Motion [633] is DENIED. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated: May 17, 2024

cc/ecf: All counsel of record

cc: Russell Johnson
BOP No. 05528-087
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525
(via first class mail)